# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JOHN & BERTHA SAIN, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) )   No. 1:20-cv-01079-STA-jay |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER DENYING PARTIAL MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss Statutory Bad Faith Claim, filed on April 10, 2020. (ECF No. 7.) Plaintiffs did not respond to the Motion.[1] However, for the reasons discussed below, the Motion is **DENIED**.

### BACKGROUND

Plaintiffs obtained an insurance policy for 434 Mitchell Street, Bolivar, Tennessee 38008, with Defendant for the policy period of September 12, 2017, through September 12, 2018. (Compl. ¶ II, ECF No. 1-1.) The policy insured Plaintiff's dwelling for $501,100.00, other structures on the insured location for $50,100.00, personal property contained therein for $250,550.00, and loss of use for $100,220.00. (Compl. ¶ II, Ex. A.) On July 31, 2018, Plaintiffs' residence was destroyed by fire, including the personal property contained therein. (*Id.*) Defendant subsequently made payments on the dwelling, contents, and additional living expenses, totaling $278,989.83—

---

[1] Counsel is advised to familiarize herself with the Local Rules of the Western District of Tennessee. "A party opposing a motion to dismiss must file a response within 28 days after the motion is served." W.D. Tenn. R. 12.1(b).

$224,914.52 for the dwelling, $17,551.43 for its contents, and $36,523.88 for additional living expenses.  (Compl. ¶ III, Ex. B.)  These payments terminated as of October 15, 2019.  (*Id.*)

On September 20, 2019, Defendant denied Plaintiffs' claim for insurance proceeds by letter.  (Compl. ¶ IV, Ex. B.)  The letter indicates that Defendant's "investigation revealed that [Plaintiffs] made material misrepresentations, engaged in fraudulent conduct, and made false statements relating to [their] insurance claim." (*Id.*)  On October 3, 2019, Plaintiffs sent the following letter to Defendant via regular mail and fax: "This letter is to acknowledge receipt of your letter dated September 20, 2018 denying the claim for John and Bertha Sain in the above referenced matter.  We adamantly deny the results of your investigation and will file suit accordingly." (ECF No. 7-1.)  On February 26, 2020, Plaintiffs sent another letter to Defendant:

> Please be advised by letter dated October 3, 2019, the insured Bertha Sain and John Sain disputed your decision to deny their claim from the fire loss of July 31, 2018. You have had ample opportunity to investigate Mr. and Mrs. Sain's claim of loss.
>
> Please accept our previous letter dated October 3, 2019 and confirmation by this letter as their intent to assert a bad faith claim, if you do not pay their claim in full.  Please be advised that over 60 days have expired since Mr. and Mrs. Sain gave you notice.

(ECF No. 7-2.)

On March 4, 2020, Plaintiffs filed a Complaint in the Chancery Court for Hardeman County, Tennessee, and on April 7, 2020, Defendant removed the action to this Court.  Defendant then filed a partial Motion to Dismiss on April 10, 2020, seeking dismissal of Plaintiffs' statutory bad faith claim.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  A complaint need not contain "detailed factual allegations," but it must contain

more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

## ANALYSIS

Defendant seeks dismissal of Plaintiffs' statutory bad faith claim on two grounds.  First, Defendant argues that Plaintiffs did not comply with the pre-filing statutory requirements of Tennessee Code Annotated § 56-7-105.  Defendant claims that because Plaintiffs' October 3, 2019 letter "does not mention bad faith, cite to Tennessee's Bad Faith Statute, or in any other way put Liberty on notice of a potential bad faith claim," it cannot be considered a formal demand.  Defendant continues that while the February 26, 2020 letter would constitute a formal demand—because it mentions bad faith—Plaintiffs then did not wait the prescribed sixty (60) days before filing this lawsuit.  Second, Defendant contends that Plaintiffs fail to allege conduct sufficient to state a bad faith claim under Tennessee law.  The Court will address each argument, in turn.

### I.      Statutory Requirements

The Court finds that Plaintiffs made a formal demand and then waited the prescribed sixty (60) days before filing suit, in compliance with Tennessee's bad faith statute, precluding dismissal of Plaintiffs' claim on these grounds.   Under Tennessee Code Annotated § 56-7-105,

> The insurance companies of this state, and foreign insurance companies . . . in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy [] shall be liable to pay the holder of the policy [], in addition to the loss [], a sum not exceeding twenty-five percent (25%) on the liability  for the loss[.]

The purpose of this requirement is to put the insurer on notice of a potential bad faith claim. *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 731 (6th Cir. 2012) (citing *St. Paul Fire & Marine Ins. Co. v. Kirkpatrick,* 164 S.W. 1186, 1190 (1913)), *abrogated on other ground by Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348 (6th Cir. 2018) ("We find that *Heil* is no longer good law to the extent that it held that the statutory remedy for bad faith is the 'exclusive extracontractual remedy for an insurer's bad faith refusal to pay on a policy.'")  Whereas following the claims process would not constitute a formal demand, *Walker v. Tennessee Farmers Mut. Ins. Co.,* 568 S.W.2d 103, 106 (Tenn. Ct. App.1977), repeated demands for payment, without reference to a lawsuit, have been held to satisfy the demand requirement.  *Solomon v. Hager,* E200002586COAR3CV, 2001 WL 1657214, at *12 (Tenn. Ct. App. Dec. 27, 2001).  Although certain courts have interpreted the purpose of the formal demand and waiting period to require the insurer to explicitly threaten bad faith litigation, *see Cracker Barrel Old Country Store, Inc. v. Cincinnati Ins. Co.*, 590 F.Supp.2d 970, 975 (M.D. Tenn. 2008), this is not what the statute clearly states. "An insured can assert his or her legal right to payment—and thus comply with the plain text of the statute—without making an explicit reference to a potential lawsuit." *Heil Co.*, 690 F.3d at 732.

Under this standard, Defendant's argument fails. The October 3, 2019 letter stated that Plaintiffs intended to file a lawsuit arising from the denial of their claim. Failure to specify that the lawsuit would include a statutory bad faith claim is not fatal to their claim, as Defendant had sufficient notice of impending litigation. Accordingly, Plaintiffs waited more than the appropriate amount of time before filing this lawsuit on March 4, 2020, and complied fully with the statutory requirements.

### II.     Failure to State a Claim

Further, the Court finds that, at this stage of the proceedings, Plaintiffs state a cognizable statutory bad faith claim. In Tennessee, a plaintiff must prove four elements to establish a statutory bad-faith claim: "(1) the policy of insurance must, by its terms, have become due and payable; (2) a formal demand for payment must have been made; (3) the insured party must have waited 60 days after making a demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days); and (4) the refusal to pay must not have been in good faith." *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 360–61 (6th Cir. 2018) (quoting *Palmer v. Nationwide Mut. Fire Ins. Co.*, 723 S.W.2d 124, 126 (Tenn. Ct. App. 1986)). "[A]n insurer's refusal to pay is in good faith . . . if the refusal to pay 'rests on legitimate and substantial legal grounds.'" *Kizer v. Progressive Cas. Ins. Co.*, No. 3:06-cv-1109, 2008 WL 2048274, at *5 (M.D. Tenn. May 12, 2008) (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 378 (6th Cir. 2007)).

Defendant argues that "Plaintiffs' minimal allegations" that Defendant did not "timely and promptly pay [their] claim in full" are insufficient to state a claim for statutory bad faith. However, Plaintiffs plead that the policy, by its terms, became due and payable as of July 31, 2018, when a fire destroyed their house and its contents; that their October 3, 2019 letter served as a formal demand for payment; that more than sixty (60) days passed after their formal demand before they

filed their statutory bad faith claim; and that their denial of the claim was in bad faith. Defendant denied Plaintiffs' claim after making partial payments on the claim because its investigation revealed that Plaintiffs "made material misrepresentations, engaged in fraudulent conduct, and made false statements relating to [their] insurance claim." The denial letter contains no details beyond that conclusion. The Court finds that although this could constitute legitimate and substantial legal grounds for denial, dismissal of Plaintiff's claim at this stage of the proceedings would be inappropriate.

In sum, Defendant's Partial Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

       **s/ S. Thomas Anderson**
       S. THOMAS ANDERSON
       CHIEF UNITED STATES DISTRICT JUDGE

Date: June 26, 2020.